IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **JOSEPHINE BLAIR**<br>    **Plaintiff,**<br><br>VS.<br><br>**TYSON FOODS, INC. and TYSON POULTRY, INC.**<br>    **Defendants**. | §<br>§<br>§<br>§   CAUSE NO. 2:20-cv-345<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff **JOSEPHINE BLAIR** complaining of Defendant **TYSON FOODS, INC.** and **TYSON POULTRY, INC.**, and would respectfully show:

### I.    PARTIES

1.    Plaintiff JOSEPHINE BLAIR is a citizen of Texas as well as the United States and has been domiciled at all material times in Panola County, Texas.

2.    Defendant TYSON FOODS, INC. is a Delaware corporation doing business in the Eastern District of Texas, who may be served with process through its registered agent for service, who is CT Corporation System 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

3.    Defendant TYSON POULTRY, INC. is a Delaware corporation doing business in the Eastern District of Texas, who may be served with process through its registered agent for service, who is CT Corporation System 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

### II.    JURISDICTION

4.    There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. § 1332(a)(1).

5. Plaintiff also raises a denial of benefits claim under section 502(a) of ERISA and, alternatively, an ERISA estoppel claim which confers jurisdiction under 28 U.S.C. §1331.

### III.    VENUE

6. A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Texas. Venue in this judicial district is therefore proper pursuant to 28 U.S.C. § 1391.

### IV.    FACTS

7. This lawsuit results from a serious and wholly avoidable workplace injury. At all relevant times hereto, Plaintiff JOSEPHINE BLAIR (hereinafter "Blair") was an employee of TYSON FOODS, INC. and/or TYSON POULTRY, INC (hereinafter collectively "TYSON"). TYSON is a Workers' Compensation Non-Subscriber under the laws of the State of Texas.

8. At all relevant times hereto, Plaintiff, Blair worked as a power jack driver at TYSON's facility located on the NE Loop in Carthage, TX. On or about September 27, 2019, Blair was involved in a collision between two power jacks in which she suffered injuries to her right arm and shoulder generally. The accident was caused by the negligence of one of Blair's co-workers acting in the course and scope of their employment with Tyson. Thereafter, Blair was placed on light duty work.

9. On or about June 1, 2020, Blair suffered another on the job injury when she slipped and fell on a sheet of ice located within a walkway. Tyson was aware of the dangerous condition of the floor. Despite its notice of the dangerous condition of the walkway, Tyson failed to take reasonable measures to make the walkway safe or warn of its danger. Blair reinjured her right shoulder and now requires surgery to repair the damage.

10. TYSON has an employee injury benefit plan it calls its "Workplace Injury Settlement Program" or "WISP" for the benefit of its employees. It is an employee benefit plan

covered by ERISA. See: 29 U.S.C. § 1002, et seq.

11. By reason of her two workplace injuries, Blair is entitled to benefits under the Tyson WISP.

## V. CAUSES OF ACTION

### A. Negligence

12. Plaintiff adopts paragraphs 1-11 by reference.

13. Defendant TYSON is liable for negligence. TYSON had a clear and well-established duty to exercise ordinary care and maintain a safe workplace for its employees. TYSON breached that well established duty in one or more of the following ways, including, but in no ways limited to, the following:

> a. Having an employee within the course and scope of her employment commit an act of negligence which caused Blair's accident on September 27, 2019;
> b. Failing to provide adequate training to its power jack operators;
> c. Maintaining an unsafe walkway in its workplace;
> d. Failing to warn Blair of the unsafe walkway in its workplace; and
> e. Failing to maintain a safe working environment.

As a proximate cause of said TYSON's negligence, Plaintiff suffered serious injuries and damages.

14. At all relevant times, the individuals, persons, employees and agents of TYSON who failed to maintain a safe working environment were also acting in the course and scope of their employment with TYSON. As such, TYSON is vicariously liable for those negligent acts under the theory of *respondeat superior*.

15. As a nonsubscriber under the current Texas Workers' Compensation Scheme, TYSON cannot allege common law defenses against Plaintiffs. Plaintiff is entitled to recover 100% of her damages if TYSON is found to be 1% at fault.

### B. ERISA Section 502(a)(1)(B) claim

16. Blair was a beneficiary of the ERISA plan that should have paid her medical and income benefits on account of her workplace injuries described herein.

17. Tyson denied Blair's claim for benefits, and it denied her appeal.

18. Therefore, Blair brings this claim under § 502(a)(1)(B) of ERISA for denial of benefits. See 29 U.S.C. § 1132(a)(1)(B).

19. Blair exhausted all administrative prerequisites to bring this claim.

## VI.   DAMAGES

20. Plaintiff adopts paragraphs 1-19 by reference.

21. As a proximate cause of the foregoing conduct, Plaintiff, Blair has suffered personal injuries and damages. In specific, Blair suffered injuries to her right upper extremity, right shoulder, arm and body generally which requires surgery and therapy. Plaintiff, Blair is entitled to the following damages: (1) Physical pain and mental anguish in the past and future; (2) Physical impairment in the past and future; (3) Medical expenses in the past and future; and (4) Lost earnings and lost earning capacity in the past and the future. Plaintiff also seeks to recover pre-judgment and post-judgment interest, as well as court costs.

22. Plaintiff has also suffered a loss of benefits under the Tyson WISP which have not been paid. Plaintiff seeks recovery of all income and medical benefits due her under the Tyson WISP.

## VII.   ATTORNEY'S FEES

23. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks recovery of her reasonable and necessary attorney's fees.

## VIII.  PRAYER FOR JUDGMENT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that the Court sign a final judgment against Defendants and award Plaintiff the following:

a. Actual damages within the jurisdictional limits of this Court;
b. Damages for past and future physical pain and mental anguish; past and future medical expenses; for past and future physical impairment; and for past and future lost earnings and lost earning capacity for Plaintiff;
c. Pre and post-judgment interest at the maximum rate allowed by law;
d. Court costs; and
e. All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ William S. Hommel, Jr.
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF