# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOSEPHINE BLAIR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00345-JRG-RSP |
| | § | |
| TYSON FOODS, INC., and | § | |
| TYSON POULTRY, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue ("Motion"), by Tyson Foods, Inc. and Tyson Poultry, Inc. ("Defendants"). **Dkt. No. 10**. Defendants seek an intra-district transfer from the Marshall Division to the Tyler Division pursuant to 28 U.S.C. § 1404(a). After consideration, the Court **DENIES** the Motion.

### I.  BACKGROUND

On October 30, 2020 Plaintiff Josephine Blair ("Plaintiff" or "Blair") filed a complaint against the Defendants alleging claims based on E.R.I.S.A. and negligence. Dkt. No. 13 at 1[1]; *see* Dkt. No. 1 at 3–4. Defendants are food processors that maintain multiple production facilities throughout the United States, including Carthage, Texas. Dkt. No. 10 at 2; *see* Dkt. No. 10 at 7 ("[T]he address of the Defendants' Carthage facility is 1484 NE Loop, Carthage, Texas 75633."). Plaintiff alleges all the events and circumstances which constitute the basis of this lawsuit occurred in Carthage, Texas. Dkt. No. 10 at 2. The Carthage facility, where the events allegedly took place, is in Panola County, which is in the Tyler Division. Dkt. No. 10 at 2–3. Defendants state that "most

---

[1] Citations are to document numbers and page numbers assigned through ECF.

of the witnesses who will have relevant knowledge of the underlying facts . . . were or are employed at Tyson's Carthage, Texas facility." Dkt. No. 10 at 3.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). "A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is clearly more convenient taking into consideration" the public and private factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal quotations omitted).

The plaintiff's choice of venue is entitled to some deference, however it is "not an independent factor." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.*

**III. ANALYSIS**

    **A. Proper Venue**

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas. The threshold requirement for transfer under § 1404(a) has been met.

    **B. Private Interest Factors**

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252 (1981)).

First, the sources of documentary evidence are closest to the Marshall courthouse. Defendants admit that the Tyler courthouse is twice as far from the sources of proof as is the Marshall courthouse. Dkt. No. 10 at 7 ("The Facility is located approximately 27.7 miles from the Marshall Division courthouse . . . The Facility is located approximately 59.9-65 miles from the Tyler Division courthouse."). The Court finds that this factor weighs in favor of the Marshall Division.

The Court is unwilling to disregard the fact that the Tyler courthouse is twice as far from the sources of proof, as Defendants' suggest. *In re Radmax*, 720 F.3d at 288 ("Any such inconvenience may well be slight, but . . . the question is *relative* ease of access, not *absolute* ease of access."). The physical proximity of the Marshall courthouse makes it a relatively more

convenient forum, at least with respect to the "sources of proof" factor. This factor weighs against a transfer.

Second, the Court must consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen II*, 545 F.3d at 316. The parties have not identified witnesses that would be outside the subpoena power of either the Marshall or Tyler Divisions. Accordingly, this factor is neutral. *See* Dkt. No. 10 at 7; *see also* Dkt. No. 13 at 6–7.

Third, the convenience of the key witnesses may be the single most important factor for the Court to consider. *Durrett v. Walmart, Inc.*, No. 2:18-cv-00332-JRG, 2018 U.S. Dist. LEXIS 186618, *7 (E.D. Tex. Oct. 31, 2018); *see also Corbitt v. S. Refrigerated Transp., Inc.*, No. 2:06-cv-00330-LED, 2006 U.S. Dist. LEXIS 78761, *5, (E.D. Tex. Oct. 30, 2006) (internal quotation omitted) (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986)). The crux of Defendants' Motion is premised on medical witnesses' convenience of attendance. Dkt. No. 10 at 8–10. (Defendants state Tyler is clearly more convenient than Marshall because "of the five medical providers, three (3) are located closer to the Tyler Division and two (2) are located closer to the Marshall Division."). As with any odd number of witnesses, some witnesses may be closer or farther away from a particular courthouse. Here, the most "inconvenienced" witness would be Dr. Ziad Blaik, a witness for Plaintiff (who opposes transfer). *Durrett*, 2018 U.S. Dist. LEXIS 186618 at *7 ("When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." (internal quotations omitted) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009))). The additional "inconvenience" for Dr. Blaik is the additional distance from the Tyler courthouse to Marshall

courthouse, which is approximately 50 miles. Dkt. No. 10 at 9 ("If called to testify, Dr. Blaik is approximately 99.5 miles from the Tyler Division courthouse, and 153 miles from the Marshall Division courthouse.").

Defendants also state there are a number of key medical witnesses residing in Tyler. Dkt. No. 10 at 9 ("Tyler Radiology Associates is approximately 1.6 miles from the Tyler Division courthouse . . ."). However, that is mitigated by the number of medical witnesses residing in Carthage. Dkt. No. 10 at 9 ("UT Health – Carthage is approximately 61.1 miles from the Tyler Division courthouse, and 31.3 miles from the Marshall Division courthouse . . . Carthage Physical Therapy is approximately 60.8 miles from the Tyler Division courthouse, and 37.5 miles from the Marshall Division courthouse; s*ee Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 777 (E.D. Tex. 2000) ("this Court reiterates that it will not transfer cases for the mere convenience of a few witnesses.") (citing 5 WRIGHT, MILLER, & COOPER, § 3851 at 424-25 (2d ed.1986)). The other witnesses discussed by Defendants but not substantially analyzed by the Court are found to be neutral (Tyson corporate representative, Plaintiff, other medical witnesses, etc.). *See Am. Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 338 (E.D. Wis. 1977).

Taken all together, this factor is neutral. It is slightly more convenient for some witnesses to have this matter transferred to Tyler, even though there are a number of witnesses who would be inconvenienced by such a transfer.

Fourth, there are not any additional practicable problems. Practical problems include those that are rationally based on judicial economy. Defendants and Plaintiff agree that there are no "rare and special circumstances" that weigh either in favor or against transferring the case. Defendants' attorneys state that they are inconvenienced because they practice in Dallas. Dkt. No. 10 at 11 ("Counsel for Defendant is located at 750 North St. Paul Street Suite 700, Dallas, Texas 75201,

which is located 97.9 miles away from the Tyler Division courthouse but 151 miles away from the Marshall Division courthouse."). The convenience of counsel is not given significant weight in the transfer analysis.

### C. Public Interest Factors

The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

First, the parties agree there are no known administrative difficulties flowing from Court congestion. This factor is neutral.

Second, the "local interest" factor is neutral. Defendants argue that the "Marshall Division has no factual connection or localized interest in this case" because "[n]one of the events out of which this dispute arises occurred in the Marshall Division." Dkt. No. 10 at 12; *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."). However, that is not true, the Marshall Division does have a local interest in the outcome of this matter. The Defendants' food processing facility is roughly 10 miles from the Harrison County border. It is common sense (or at least there is an overwhelmingly high likelihood) that some employees in Defendants' Carthage facility reside within the Marshall Division. Thus, the Marshall Division has just as much of a local interest in having this matter decided as the Tyler Division. Furthermore, Plaintiff is afforded some deference to its choice of forum, though less for intra-district transfers. *See Durrett,* 2018 U.S. Dist. LEXIS 186618 at *11–12. Accordingly, this factor weighs against a transfer.

Third, the parties agree that the "familiarity" factor should be neutral. This factor is neutral.

Fourth, the parties agree that the "conflicts of law" factor should be neutral. This factor is neutral

IV. **CONCLUSION**

There are two factors weighing against a transfer while there is no factor weighing in favor of a transfer. The Court finds that Defendants have not shown that the Tyler Division is clearly more convenient than the Marshall Division. The Motion is **DENIED**.

**SIGNED this 1st day of July, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE